IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| SUSAN BROWN; | ) | |
| | ) | |
| Plaintiff, | ) | Civil No.  6:11-cv-06120-HO |
| | ) | |
| v. | ) | |
| | ) | |
| MARC THALACKER; | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Introduction

On March 12, 2011, Susan Brown (plaintiff) filed a lawsuit in
the Circuit Court of Oregon for Deschutes County alleging: (1)
violation of her Fourth and Fourteenth Amendment rights; (2) false
arrest, (3) malicious prosecution and (4) intentional infliction of
emotional distress.  [#1- Ex.A].  Defendant removed this action to
federal court on April 4, 2011.  [#1].

Defendant Marc Thalacker's motions for summary judgment

ORDER - p.1

against plaintiff's claims are currently before the court  [#8; #15].

Discussion

## A.    Standard:

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show the absence of any genuine issue of material fact. *Leisek v. Brightwood Corp.,* 278 F.3d 895, 898 (9th Cir. 2002).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).  The Court must draw all reasonable inferences in the favor of the nonmoving party.  *Id.*

## B.    Background:

The following facts are gleaned from the parties' pleadings and accompanying admissible evidence, which are either undisputed or framed in the light most favorable to plaintiff.

Three Sisters Irrigation District (the District) is a municipal corporation with headquarters in Sisters, Deschutes County, Oregon.  [#9- ¶1].  The District was organized in 1918, by the water users served by the Squaw Valley Irrigation Company[1] and

_____

[1]    The Squaw Valley Irrigation Company was a corporation established by Oregon legislation in 1891, to construct an irrigation waterway to divert water for irrigation from Squaw creek (renamed Whychus creek in 2005 [#10- ¶4]), a tributary of
(continued...)

ORDER - p.2

the Black Butte Land and Livestock Company, and operates under the
provisions of ORS Chapter 545. [#9- ¶3; #10- ¶2]. The District
serves approximately 175 water users irrigating 8,000 acres of
agricultural land. [#10-¶2]. Defendant Marc Thalacker (Thalacker)
has been the manager of the District for the past 13 years. [#9-
¶2; #10- ¶2].

The District diverts water from Whychus creek at a point
approximately 1.8 miles southwest of the Daggett lands, into the
Watson reservoir. [#9- ¶9; #10- ¶11]. From there the water flows
northeast along the Black Butte canal (most of which is now a
pipeline[2]), through the McKenzie canyon in a southeasterly
direction. *Id.* The Black Butte canal/pipeline passes diagonally
across the South East (SE) quarter of the North East (NE) quarter

---

[1] (...continued)
the Deschutes river. *Squaw Creek Irrigation District v. Mamero,*
107 Or. 291, 293-94 (1923).

[2]    The studies of water flow necessary for the desired re-
introduction of anadromous runs of summer steelhead and spring
Chinook salmon indicated at a minimum, that a 15-30 cubic-foot
per second flow was required. [#10- ¶6]. Enclosing the canals in
pipelines were determined to prevent flow lost to ground
percolation and thereby increase the permanent instream flow to a
level consistent with re-establishing the fisheries. *Id.* The
piping of canals has been determined to be within the various
irrigation District's authority. See e.g., *Swalley Irrigation
District v. Alvis,* 2006 WL 508312 (D.Or)(Irrigation district may
construct an irrigation pipeline and convert existing canals to a
pipeline in lands subject to the irrigation right of way granted
and secured under the Act of March 3, 1891).

ORDER - p.3

of Section 27, Township 14 South, Range 11E., W.M³. [#10- ¶11].
The South West(SW) quarter of the NE quarter and the south half of
the North West(NW) quarter of section 27 are subject to a "Patent
Deed" issued by the United States On October 26, 1920. [#10-
App.42]. Among other things the deed states "there is reserved
from the lands hereby granted a right of way thereon for ditches or
canals constructed by the authority of the United States." Id.
After passing through Jan Daggett's property, the water is diverted
for farm use on District farm lands. [#9- ¶9].

The District's right-of-way for the Black Butte canal is 100-
feet wide. [#22-p.4]. The District began construction of the
pipeline to enclose the Black Butte canal in 2005. [#10- ¶13]. By
April 3, 2010, the District had completed construction of the
pipeline to the north and south of Ms. Daggett's property. Id. On
April 5, 20120 the District attempted to begin completion of the
pipeline on the Daggett parcel portion of the canal. [#10- ¶13].

Ms. Daggett had actively campaigned against the construction
of the District pipeline through her property and enlisted the help
of plaintiff and others to protest the pipeline construction. [#9-
¶10; #21-p.1]. Prior to April 4, 2010, Deschutes County Sheriff
officials met with Ms. Daggett to discuss her protest activities
and warn her that if the protests became confrontational, arrests

---

³      The West half of the SW quarter of the NE quarter of
Section 27 is owned by Jan Daggett. [#10- ¶11]

ORDER - p.4

would result. [#9- ¶11].

On April 5, 2010, District officials including defendant, began to install the pipeline on the right-of-way through the Daggett parcel. [#9- ¶12; #21]. Plaintiff and several other protesters, were also at the construction site. [#9- ¶13; #21-p.1]. Plaintiff stopped the District's efforts to construct the pipeline by among other things, obstructing equipment, standing in the stream bed, raising her hands and yelling "stop." [#9- ¶13; #21-p.1-2]. Similarly, when the District attempted to pull a dump truck out of the canal with a loader, plaintiff stood in front of the dump truck to prevent the District from moving it. [#10- ¶15 and App 104- photos from Susan's camera 053]. Plaintiff does not dispute that she intended to disrupt and/or stop the construction of the pipeline. [#9-Brown Depo p.23].

In response to the protesters' actions, defendant Thalacker contacted the Sheriff's office which dispatched several deputies to the Daggett property. [#9- ¶14]. Deschutes County Sheriff Captain Edwards also arrived at the scene. [#9- ¶14; #10- ¶18]. Captain Edwards asked defendant if he wanted to make a citizen's arrest. [#9- ¶15; #10- ¶18; #21-p.2; #20-2-Ex.A,p.11]. Defendant indicated that he did. *Id.*

On Captain Edwards direction, a sheriff's deputy filled out the citation form, which defendant read and signed. [#9- ¶15; #10-¶18; #20-2-Ex.A-p.11; #21-p.2]. The protesters, including

ORDER - p.5

plaintiff, were then arrested by the deputies, plaintiff was handcuffed and all were taken into custody without incident. [#9-¶15; # 20-2-Ex.A-pp.11-12]; #21-p.2]. Beyond reading and signing the citation, defendant did not physically participate in the protesters' arrest. Id.

## Discussion

Defendant moves for summary judgment arguing that: (1) defendant is not a state actor for purposes of 42 U.S.C. §1983; (2) plaintiff failed to give the requisite tort claim notice for her pendant state claims of false arrest, malicious prosecution and intentional infliction of emotional damage and (3) even if she had given sufficient tort claim notice, her state law claims lack legal basis. [#11; #16; #22].

### 1.    42 U.S.C. §1983 claim:

Plaintiff alleges that defendant violated her Fourth and Fourteenth Amendment rights as a result of a conspiracy between the defendant and the law enforcement officers, which resulted in her arrest. [#1-Ex.A-pp.4-5; #21-pp.3-6]. Defendant responds that he is neither a state actor for the purposes of section 1983, nor did he arrest or conspire to arrest plaintiff. [#11-pp.3-6; #22-pp.4-9].

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

ORDER - p.6

citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights, privileges,
or immunities secured by the Constitution and laws, shall be liable
to the party injured in any action at law, suit in equity, or other
proceeding for redress ...." 42 U.S.C. §1983. To state a section
1983 claim, a plaintiff must show that: (1) the defendant acted
under color of state law and (2) deprived the plaintiff of rights
secured by the Constitution or federal statutes. *Lacy v. County of
Maricopa,* 631 F.Supp.2d 1183, 1190 (D.Ariz. 2008).

A person deprives another of a constitutional right, within
the meaning of section 1983, if he does an affirmative act,
participates in another's affirmative acts, or omits to perform an
act which he is legally required to do that causes the deprivation
of which the plaintiff complains. *Leer v. Murphy,* 844 F.2d 628,
633 (9th Cir. 1988). However, personal participation is not the
only predicate for section 1983 liability. *Johnson v. Duffy* 588
F.2d 740, 743 (9th Cir. 1978). Anyone who causes any citizen to be
subjected to a constitutional deprivation is also liable. *Id.* The
requisite causal connection can be established not only by some
kind of direct personal participation in the deprivation, but also
by setting in motion a series of acts by others which the actor
knows or reasonably should know would cause others to inflict the
constitutional injury. *Id.*

Plaintiff alleges that defendant conspired with the Deschutes

ORDER - p.7

County Sheriff's officials to violate her Fourth Amendment rights against unlawful search and seizure by signing the citation that caused her arrest and removal from the construction site.   [#21-pp3-6].   To establish liability for conspiracy in a section 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights.   *Mendicino Envtl Ctr v. Mendicino County,* 192 F.3d 1283, 1301 (9th Cir. 1999). Such agreement need not be overt and may be inferred but each participant must at least share the common objective of the conspiracy.   *Id.;* see also *United Steelworkers of Am. V. Phelps Dodge Corp.,* 865 F.2d 1539, 1541 (9th Cir. 1989).

The requisite meeting of the minds and/or conspiracy to violate plaintiff's Fourth Amendment constitutional rights against unlawful seizure, cannot be inferred from the Deschutes County Sheriff officials responding to defendant's call, asking defendant if he wanted to affect a citizen's arrest and defendant responding affirmatively and signing the citation filled out by the deputy. [#21-pp.3-6; See e.g., *Collins v. Womancare,* 878 F.2d 1145, 1154 (9th Cir.1989)(joint action requires a substantial degree of cooperative action)].

In this instance, the Sheriff's deputies made the arrest based on a citation that Captain Edwards independently filled out upon concluding his investigation of the incident.   There is no evidence that defendant's position with the District provided him with the

ORDER - p.8

authority to make arrests. His actions are those of a private individual. Complaining to the police or executing a sworn complaint which forms the basis of an arrest, is insufficient to convert a private party's actions into state action. *Collins,* 878 F.2d at 1154 *(citing Rivera v. Green,* 775 F.2d 1381, 1382-84 (9th Cir.1985)and *Sims v. Jefferson Downs Racing Assoc.,* 778 F.2d 1068, 1078-79 (5th Cir.1985)); see also *Mathis v. Pacific gas and Elec. Co.,* 75 F.3d 498, 503 (9th Cir. 1996)(private person liable only if actions "inextricably intertwined with those of the government").

In this instance, considering the facts in the light most favorable to plaintiff, I find that no reasonable trier of fact could conclude that Thalacker's complaints of the protesters' disruptive actions and signing the citation subsequently issued by Captain Edwards, were part of a government conspiracy to violate plaintiff's constitutional right to be free of unreasonable search and seizure. Accordingly, summary judgment in favor of defendant on plaintiff's section 1983 claim, is granted.

**2. State tort claims:**

Plaintiff claims that defendant was acting outside the scope of his authority and employment in willfully performing a citizen's arrest, which was not part of his job description. [#21-pp.6-7]. Plaintiff alleges that as a result of defendant's actions, she was falsely arrested, maliciously prosecuted and subjected to intentional infliction of emotional distress. [#1-Ex. A-pp.5-8;

ORDER - p.9

#21-pp.6-14].  However, an action stemming from any act or omission
of a public body or an officer, employee or agent of a public body
cannot be maintained unless the requisite notice of claim is given
within 180 days of the alleged injury.  ORS 30.275(2)(b); see e.g.,
*Ross v. City of Eugene,* 151 Or.App. 656, 663 (1997).

There is nothing in the record before the court demonstrating
that plaintiff gave the requisite tort claim notice[4] to the
District.  Thus, all of plaintiff's pendant state law tort claims
(for false arrest, malicious prosecution and intentional infliction
of emotional distress), are precluded.

## Conclusion

For the reasons detailed above, defendant's Motions for
Summary Judgment[#8; #15] are GRANTED.  This action is dismissed.

IT IS SO ORDERED

DATED this _____ 6⁴ _____ day of March, 2012.

UNITED STATES DISTRICT JUDGE

---

[4]     The tort claim notice deadline for plaintiff's false
arrest and intentional infliction of emotional distress claims
was October 4, 2010, for her claim of malicious prosecution the
tort claim notice deadline was August 8, 2011.

ORDER - p.10